UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DESHAWN TYSON,<br>    Plaintiff, | : | PRISONER CASE NO.<br>3:18-cv-1621 (JCH) |
| v. | : | |
| KEVIN McCRYSTAL'S, et al.,<br>    Defendants. | : | NOVEMBER 14, 2018 |

**INITIAL REVIEW ORDER**

**I.    INTRODUCTION**

The plaintiff, Deshawn Tyson ("Tyson"), incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, has filed a Complaint (Doc. No. 1) pro se under 42 U.S.C. § 1983. Tyson sought leave to proceed in forma pauperis. See Motion for Leave to Proceed in forma pauperis (Doc. Nos. 2, 7). On October 18, 2018, the court granted Tyson's application. Order (Doc. No. 8).

The Complaint names four defendants: PA Kevin McCrystal,[1] Warden William Mulligan, Lieutenant Jane Davis, and Correctional Officer John Doe. Tyson contends that the defendants required him to walk about the facility for over a week without shoes, thereby violating his rights under the Eighth and Fourteenth Amendments, and also denied him proper medical treatment for a fall sustained while he was without

---

[1] Medical records attached to the Complaint indicate that this defendant's last name is McCrystal, not McCrystal's, and that he is a physician's assistant, not a doctor. See Exhibit 3, Compl. ("Ex. 3") (Doc. No. 1) at 21.

shoes.

Under section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[ ]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, a complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)); see also Tracy v. Freshwater, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for pro se litigants). However, notwithstanding this liberal interpretation, a pro se complaint will not survive dismissal unless the factual allegations meet the plausibility standard. See, e.g., Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 387 (2d Cir. 2015).

**II.    ALLEGATIONS**

On September 26, 2017, Tyson was strip searched and removed from his cell for a cell search. Compl. at 8. Defendant Davis ordered a correctional officer to confiscate Tyson's shoes under the "false pretense that the shoes were fome [sic]." Id. Tyson had no other sneakers and was forced to wear his shower shoes at all times. Exhibit 2, Compl. (Doc. No. 1) at 18. On October 1, 2017, after a week without his sneakers, Tyson slipped and fell. Compl. at 8; Exhibit 11, Compl. (Doc. No. 1) at 50. He was injured seriously enough to require medical assistance and a wheelchair for transport to the medical unit. Compl. at 8. Tyson was issued Motrin 200mg for three days and told to stay in bed. Id.; Exhibit 3, Compl. (Doc. No. 1) at 21. His shoes were not returned. Compl. at 8.

In response to many grievances and requests, the Warden, defendant Mulligan, stated that Tyson had signed a form agreeing that the shoes were contraband. Id. at 9. Tyson disagrees with this statement. Id. After several more communications, Tyson's shoes were returned to him on January 9, 2018. Id. at 10; Exhibit 12, Compl. (Doc. No. 1) at 54. Tyson has attached to his Complaint medical grievances complaining about severe back pain as a result of the fall. Exhibit 11, Compl. (Doc. No. 1) at 44, 45, 47, 48, 50. He also attached reports indicating that defendant McCrystal saw him the day of the incident and also on several other occasions. Exhibit 3, Compl. (Doc. No. 1) at 25; Exhibit 11, Compl. (Doc. No. 1) at 45.

**III.   ANALYSIS**

Tyson alleges that defendants Mulligan, Davis, and Doe violated his Fourteenth Amendment right to due process by depriving him of his shoes and subjected him to

cruel and unusual punishment in violation of the Eighth Amendment for requiring him to walk without shoes for a period of time.[2]  See Compl. at 2, 11.  Tyson also alleges that defendant McCrystal was deliberately indifferent to a serious medical need by failing to properly treat his injury from the fall.  See id. at 11.

    A.  Fourteenth Amendment

Tyson argues that defendants Mulligan, Davis, and Doe deprived him of property without due process of law when they confiscated his sneakers.  See id. at 2, 11.  The Due Process Clause protects against the deprivation of a protected property interest.  See Harrington v. Cty. of Suffolk, 607 F.3d 31, 34 (2d Cir. 2010).  A prisoner can state a due process claim for loss or destruction of property, however, only if the state has not created adequate post-deprivation remedies.  See Edwards v. Erfe, 588 F. App'x 79, 80 (2d Cir. 2015) (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)).

Connecticut provides a remedy for lost or destroyed property.  Under Connecticut General Statutes § 4-141, et seq., a prisoner may bring a claim against the Connecticut Claims Commission unless there is another administrative remedy for his claim.  See Conn. Gen. Stat. § 4-142.  The Department of Correction has established an administrative remedy for lost or destroyed property.  See Department of Correction Administrative Directive 9.6(16)(B), http://portal.ct.gov/DOC/AD/AD-Chapter-9 (last visited Oct. 22, 2018).  Thus, a prisoner first must utilize the administrative remedy and

---

[2] The Department of Correction website shows that Tyson was sentenced on January 25, 2017. www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=253494 (last visited October 22, 2018).  Thus, his conditions of confinement and deliberate indifference to medical needs claims are cognizable under the Eighth Amendment.  See Darnell v. Pineiro, 849 F.3d 17, 29, 33 n.9 (2d Cir. 2017) (conditions of confinement and deliberate indifference claims of sentenced prisoners considered under Eighth Amendment while same claims of pretrial detainees considered under Fourteenth Amendment).

then can proceed to the Claims Commission if his claim is denied. See Riddick v. Semple, 731 F. App'x 11, 13 (2d Cir. 2018).

Tyson's sneakers were confiscated. Compl. at 8. After a time, however, the sneakers were returned to him. Id. at 10. Thus, his sneakers were not lost or destroyed. In addition, the Department of Correction and State of Connecticut provide adequate post-deprivation remedies. Indeed, Tyson utilized the Department of Correction remedies while seeking the return of his sneakers. See generally Exhibit 7, Compl. (Doc. No. 1) (lost/damaged property investigation form). Thus, the state and institutional remedies were adequate. The court concludes that Tyson fails to allege facts plausibly supporting a due process claim. The Fourteenth Amendment claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

B. Eighth Amendment Conditions of Confinement

Tyson also alleges that depriving him of shoes for three months constitutes cruel and unusual punishment in violation of his rights under the Eighth Amendment. See Compl. at 9, 11. A cognizable Eighth Amendment claim, based on unconstitutional conditions of confinement, requires allegations of fact which establish "both an objective element—that the prison officials' transgression was 'sufficiently serious'—and a subjective element—that the official acted, or omitted to act, with a 'sufficiently culpable state of mind,' i.e., with a 'deliberate indifference to inmate health or safety.'" Phelps v. Kapnolas, 308 F.3d 180, 185 (2d Cir. 2002) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). A condition is objectively serious if it deprives an inmate of "basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety." Id. (quoting

Helling v. McKinney, 509 U.S. 25, 32 (1993)) (internal quotation marks omitted). To meet the subjective component, allegations must include that prison officials knew "of and disregard[ed] an excessive risk to inmate health or safety," that is, that they were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and . . . dr[e]w the inference." Id. at 185-86.

Courts finding cognizable claims for confiscation of shoes have done so where the shoes were medically prescribed orthopedic footwear. See Perkins v. Schriro, No. 11 Civ. 814 (GBD)(JCF), 2012 WL 5909892, at *2 (S.D.N.Y. Nov. 21, 2012) (not disputing the seriousness of confiscation of medically required orthopedic footwear, but finding no Eighth Amendment violation by officer who confiscated the footwear because officer did not know of prisoner's medical condition or its gravity); see also Davidson v. Davey, No. 1:13-cv-979-LJO-JLT(PC), 2013 WL 4009729, at *4 (E.D. Cal. Aug. 5, 2013) (allegation that correctional officer confiscated and never returned orthopedic shoes, and refused to corroborate with medical unit the plaintiff's claim that without the shoes he could not stand or walk more than a few feet without extreme pain, stated cognizable Eighth Amendment claim); Wallace v. Carver, No. 2:06-CV-780 DS, 2008 WL 4154413, at *3 (D. Utah Sept. 2, 2008) (noting no cases hold that denial of ordinary sneakers for one month during which time plaintiff was required to wear ill-fitting thong sandals stated deprivation sufficiently serious to rise to constitutional dimension).

Based on the allegations and materials attached to the Complaint, Tyson's shoes do not appear to be medically prescribed orthopedic footwear. Tyson does state in the Inmate Request that he has flat feet which hurt when wearing the shower shoes and

6

that his sneakers were made for him. Exhibit 2, Compl. (Doc. No. 1) at 18. However, he explained in another Inmate Request that the sneakers were readily available for sale. Exhibit 1, Compl. (Doc. No. 1) at 14. As it is not plausibly alleged that Tyson's shoes were medically prescribed, the confiscation of the shoes does not evidence a serious medical need.

In addition, although Tyson alleges that he was "forced to walk shoeless," Compl. at 8, he states in an Inmate Request that he was wearing his shower shoes, Exhibit 2, Compl. (Doc. No. 1) at 18. Thus, the facts alleged do not plausibly set forth the deprivation of a basic human need or that the defendants were aware of a significant risk of harm by confiscating the sneakers. The court concludes that Tyson fails to state a plausible Eighth Amendment claim. The Eighth Amendment claim is dismissed pursuant to section 1915A(b)(1).

  C. <u>Eighth Amendment Deliberate Indifferent to a Serious Medical Need.</u>

Tyson alleges that defendant McCrystal was deliberately indifferent to his serious medical need, namely his back pain from the fall. <u>See</u> Compl. at 11. The Eighth Amendment "forbids deliberate indifference to serious medical [or mental health] needs of prisoners." <u>Spavone v. N.Y. State Dep't of Corr. Servs.</u>, 719 F.3d 127, 138 (2d Cir. 2013) (internal quotation marks and citation omitted). To establish a claim for deliberate indifference to a serious mental health need, the plaintiff must allege facts plausibly demonstrating two elements.

The first element is objective; "the alleged deprivation of adequate medical care must be sufficiently serious." <u>Id.</u> (internal quotation marks omitted). Under this

7

objective element, a court must determine first, "whether the prisoner was actually deprived of adequate medical care," and second, "whether the inadequacy in medical care is sufficiently serious." Salahuddin v. Goord, 467 F.3d 263, 279–80 (2d Cir. 2006). A condition is considered serious if "a reasonable doctor or patient would find [it] important and worthy of comment," the condition "significantly affects an individual's daily activities," or if it causes "chronic and substantial pain." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (quotation marks omitted).

Subjectively, the defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his or her actions or inactions. See Salahuddin, 467 F.3d at 280. Merely negligent conduct does not constitute deliberate indifference. Id. Nor does a disagreement over proper treatment or diagnosis create a constitutional claim as long as the treatment was adequate. Estelle v. Gamble, 429 U.S. 97, 107 (1976); Chance, 143 F.3d at 703.

The exhibits to the Complaint show that Tyson submitted a request for treatment of back pain on October 20, 2017. Exhibit 11, Compl. (Doc. No. 1) at 50. The nurse noted that Tyson had been seen on October 17, 2017, and had a doctor appointment pending. Id. Tyson requested pain medication on October 23, 2017, for his back pain. Id. at 48. The nurse again noted that he had been seen on October 17, 2017, and was scheduled to be seen by the doctor. Id. Defendant PA McCrystal saw Tyson on November 3, 2017, for several complaints. Exhibit 3, Compl. (Doc. No. 1) at 25. Tyson noted that his hip pain had resolved, but he continued to complain of back pain from the fall. Id. Defendant McCrystal prescribed Motrin, an analgesic balm, and exercises for

8

low back pain.  Id.  His examination showed normal results.  Id.  He advised Tyson to write to sick call as needed.  Id.  Defendant McCrystal issued medication orders for Motrin 600 mg and the analgesic balm for one month on November 15, 2017.  Id. at 21.  On January 3, 2018, Tyson complained about a disruption in his medication with his move to a different housing unit.  Exhibit 11, Compl. (Doc. No. 1) at 47.  The nurse receiving the request arranged for Tyson to be seen and his medication renewed.  Id.  Defendant McCrystal renewed the Motion prescription for two months on January 8, 2018.  Exhibit 3, Compl. (Doc. No. 1) at 21.  Tyson complained of more frequent back pain on February 13, 2018.  Exhibit 11, Compl. (Doc. No. 1) at 44.  On the same day, a nurse saw him and referred him to the doctor.  Id.  Tyson submitted another request on March 8, 2018; defendant McCrystal saw him on March 12, 2018.  Id. at 45.

Tyson's allegations and the materials attached to his Complaint do not plausibly show either the objective or subjective components of an Eighth Amendment claim of deliberate indifference to a serious medical need.  Defendant McCrystal provided treatment in response to Tyson's requests.  He examined Tyson, prescribed medication to treat his pain, and recommended exercises to address his pain.

The court concludes that the Complaint alleges, at most, a disagreement over treatment which is not cognizable under section 1983.  The claim against defendant McCrystal is dismissed pursuant to section 1915A(b)(1).

### ORDERS

(1)     The Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b) without prejudice.

(2) The plaintiff may move to reopen this case to replead his Due Process claim, if he can allege plausibly that his footwear was medically prescribed. Any such repleading must be filed by November 23, 2018.

(3) The Clerk is directed to enter judgment and close this case.

**SO ORDERED.**

Dated this 14th day of November 2018 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge